

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CAROLS ABREU,

                                              *Plaintiff,*

-against-

S. HICKS, *et al.*,

                                            *Defendants.*

---

**STIPULATION AND ORDER OF DISCONTINUANCE PURSUANT TO RULE 41(A)**

08-CV-0249

NAM/DEP/VEB[Mediation]

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the plaintiff *pro se* Carlos Abreu and the attorneys for the defendants, parties to the above entitled action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of this action, the above entitled action be and the same hereby are settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

1. Plaintiff discontinues this action with prejudice and without damages, costs, interest or attorneys fees, and discharges and releases defendants and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue

and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against the defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents, except as specifically provided in paragraph 5 of this settlement.

2. This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3. The parties agree that no provision of this settlement shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the consolidated action.

4. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this consolidated action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

5. Following the execution of this stipulation, and its being ordered by the Court:

a. plaintiff shall be paid the sum of Twelve Thousand ($12,000.00) dollars, for deposit in plaintiff's inmate account, in full settlement of any and all claims. This amount includes all sums to which plaintiff is entitled, including but not limited to damages, costs, and attorney's fees. Plaintiff's check will be mailed to the confinement where

   plaintiff is incarcerated at the time payment is made for deposit into plaintiff's inmate account; and

   b.   plaintiff shall execute a Stipulation of Discontinuance and Dismissal with prejudice for the actions captioned:

   *Abreu v. Graham*, 08-CV-0855 [NDNY];

   *Abreu v. Lashway, et al*, 08-CV-1109 [NDNY],

   *Abreu v. Merson, et al.*, 07-CV-6491 [WDNY],

   *Abreu v. Hawley, et al.*, 08-CV-6521 [lead]/ *Abreu v. Bellamy*, 09-CV-6114 [consolidated] [WDNY].

   6.   Payment of the amount specified in paragraph 6 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

   7.   Payment of the amount in paragraph 6 will be made within one hundred and twenty (120) days after the approval of this stipulation by the Court and receipt by defendants' counsel of a copy of the so-ordered stipulation, unless the provisions of Chapter 62 of the Laws of 2001 of the State of New York apply to plaintiff, in which event, the one hundred twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

   8.   In the event that the terms of paragraph 6 are satisfied, but payment is not made within the 120 day period set forth in paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the one hundred and twenty-first day after court approval.

3

9. The foregoing constitutes the entire agreement of the parties.

Dated: Comstock, New York
December 8, 2009

*Carlos Abreu*
Carlos Abreu, 99-A-3027
Comstock, NY 12821

Dated: Comstock, New York
December 8, 2009

ANDREW CUOMO
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

By: *Bruce J. Boivin*
Bruce J. Boivin
Assistant Attorney General, of Counsel
Bar Roll No. 507894
Telephone: 518-473-5093
Email: Bruce.Boivin@oag.state.ny.us

Dated:   Comstock, New York
December 8, 2009

To the extent permitted by law, the Court will waive Marshall's fees not already included as a charge against plaintiff's inmate account. In the event the U.S. Magistrate Judge is not permitted to do so, the Court recommends to the District Judge the waiver of such fees. In the event the Court is unable to waive the aforementioned fees, the fees shall remain a collectable charge.

SO ORDERED:

HON. VICTOR E. BIANCHINI
VISITING UNITED STATES MAGISTRATE JUDGE

1